IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

RECEIVED
MAY 0 8 2020
CIRCUIT COURT
FOR BALTIMORE CITY

**DEAN BAKER**
809 E 34th Street
Baltimore, MD 21218

*Plaintiff*

V.

**A.J. Frazier, Inc.**
*Serve:* Joseph Frazier (President)
2237 Savoy Ave
Akron, OH 44305-2150

*Serve:* Joseph Frazier (President)
7071 Fenwick Ave, NE.
Canton, OH 44721-3828

*Serve:* Resident Agent
Maryland Agent Service, Inc.
8007 Baileys Lane
Pasadena, MD 21122

*Serve:* Ohio Statutory Agent
Terri Brunsdon
2251 Front Street, Suite 206
Cuyahoga Falls, OH 44221
and

**A. J. FRAZIER FREIGHT INC.**
*Serve:* 6877 Chillingsworth Cir NW
Canton Oh 44718

*Serve:* Ohio Statutory Agent
Terri Brunsdon
2251 Front Street, Suite 206
Cuyahoga Falls, OH 44221

and

**FRAZIER FREIGHT LLC**
*Serve:* 6877 Chillingsworth Cir NW
Canton Oh 44718

Case No.: _____

**DEMAND FOR JURY TRIAL**

1

*Serve:* Ohio Statutory Agent
Terri Brunsdon
2251 Front Street, Suite 206
Cuyahoga Falls, OH 44221

**AJ FRAZIER SOLUTIONS, INC.**
*Serve:* Joseph Frazier, Sole Shareholder
6877 Chillingsworth Cir NW
Canton Oh 44718

*Serve:* Ohio Statutory Agent
Terri Brunsdon
2251 Front Street, Suite 206
Cuyahoga Falls, OH 44221

and

**A.J. FRAZIER FLEET INC.**
*Serve:* 6877 Chillingsworth Cir NW
Canton Oh 44718

*Serve:* Ohio Statutory Agent
Terri Brunsdon
2251 Front Street, Suite 206
Cuyahoga Falls, OH 44221

**Lowe's Home Improvement, LLC**
*Serve:* 1605 Curtis Bridge Road
Wilksboro, NC 28697

**Resident Agent**
*Serve:* CSC-Lawyers Incorporating Service Company
7 St. Paul Street
Suite 820
Baltimore MD 21202

and

**XPO Logistics Drayage, LLC d/b/a XPO Logistics**
*Serve:* Suite 400
13777 Ballantyne Corporate Place
Charlotte, NC 28277

Resident Agent

*Serve:* Registered Agent Solutions, Inc.
8007 Baileys Lane
Pasadena, MD 21122

and

**Joseph Frazier**
in his individual and official capacity.

*Defendants*

## COMPLAINT

Mr. Dean Baker, by and through his undersigned attorneys from the Law Offices of Snider & Associates, LLC, hereby files suit against Defendants and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Md. Code Ann., Cts and Jud. Proc. § 1-501.

2. Venue is proper in Baltimore City under Md. Code Ann., Cts and Jud. Proc. § 6-201 because the Defendants carry out business in Baltimore City.

## THE PARTIES

3. From September 2016 to August 2019, Plaintiff Dean Baker ("Plaintiff Baker" or "Mr. Baker"), was an employee of Defendant A.J. Frazier, Inc. and has resided in the state of Maryland at 809 E 34th Street, Baltimore, MD 21218. Plaintiff Baker worked for the Defendant A.J. Frazier Inc. as a Delivery Driver in and around Baltimore Metropolitan area

4. Defendant, AJ Frazier, Inc. is a subcontractor and carrier for XPO Logistics that handles deliveries for Lowes Home Improvement in the Virginia, West Virginia, Delaware, and Maryland areas. AJ Frazier's principal office is located at 2237 Savoy Ave

3

Akron, OH 44305-2150. AJ Frazier, Inc. has been qualified to do business in Maryland since August 24, 2017. Based in information and belief, A.J. Frazier has been known by a variety of other corporate names, with each being included in this action.

6. Defendant A. J. Frazier Freight Inc. based on information and belief, is a subcontractor and carrier for XPO Logistics that handles deliveries for Lowes Home Improvement in the Virginia, West Virginia, Delaware, and Maryland areas. AJ Frazier Freight Inc's principal office is located at 6877 Chillingsworth Cir NW, Canton, OH 44718. AJ Frazier, Inc. was qualified to do business in Maryland beginning August 29, 2018. However, this business is not presently in good standing. Based on information and belief, this business was formerly known as Frazier Freight LLC, and A.J. Frazier Freight LLC.

7. Defendant AJ Frazier Solutions Inc. based on information and belief, is a subcontractor and carrier for XPO Logistics that handles deliveries for Lowes Home Improvement in the Virginia, West Virginia, Delaware, and Maryland areas. Based on information and belief, AJ Frazier Solutions, Inc's sole shareholder is Joseph Frazier, who conducts business from 6877 Chillingsworth Cir NW, Canton, OH 44718. Furthermore, based on information and belief, this business was formerly known as A.J. Frazier Fleet Inc.

8. Defendant Joseph Frazier is an Ohio resident conducting business out of 6877 Chillingsworth Cir NW, Canton, OH 44718. Upon information and belief Defendant Frazier is the sole shareholder of the aforementioned ideations of AJ Frazier's businesses listed above, which includes: A.J. Frazier, Inc.; A. J. Frazier Freight Inc.; Frazier Freight LLC; AJ Frazier Solutions, Inc.; A.J. Frazier Fleet Inc.

9. Defendant XPO Logistics Drayage, LLC d/b/a XPO Logistics is a contractor that handles deliveries for Lowes Home Improvement in the Virginia, West Virginia, Delaware, and

Maryland areas. XPO Logistics is the principal on a contract that includes A.J. Frazier as the subcontractor. XPO Logistics' principal place of business is 3777 Ballantyne Corporate Place, Charlotte NC; 28277. XPO Logistics has been registered to do business in Maryland since July 12, 2017.

10. Defendant Lowe's Home Improvement, LLC. is a national supplier of home improvement products. Lowes maintains its principal place of business at 1605 Curtis Bridge Road Wilksboro, NC 28697 and has been registered to do business in Maryland since April 6, 2004.

## FACTUAL BACKGROUND

5. At all times relevant to this controversy, Defendant Lowes Home Improvement has been engaged in the business of providing home improvement materials/supplies throughout Maryland.

6. In support of its home improvement supply business, Defendant Lowes Home Improvement entered into contract with Defendant XPO Logistics to deliver materials to other Lowes stores. XPO Logistics subcontracted a portion of its delivery contract to Defendant A.J. Frazier Inc.

7. Plaintiff was hired by Defendant A.J. Frazier as a Delivery Driver on or about August 2016 approximately until August 2019.

8. As a requirement of his position, Plaintiff Baker tracked his hours and deliveries in the XPO e-Tracks system. Additionally, Plaintiff Baker was provided with a company truck to drive and was required to work the scheduled hours provided by A.J. Frazier. Furthermore, when Defendant A.J. Frazier could not provide a truck for deliveries, Plaintiff did not work.

9. Plaintiff routinely worked in excess of sixty (60) hours per work week on behalf of Defendant during most of his employment.

10. Plaintiff was not properly compensated for all straight time and overtime hours worked.

11. Rather, Plaintiff was provided weekly pay of $1,000.00 regardless of how many hours he worked.

12. A weekly rate of pay of $1,000.00 equals an hourly rate of $25.00 and an overtime hourly rate of pay of $37.50. As such Plaintiff was entitled to $37.50 per hour worked in excess of forty-hours in a week.

13. Defendant was aware that Plaintiff worked more than forty-hours a week in carrying out his job duties and responsibilities.

14. Plaintiff was an employee and not an independent contractor.

15. Defendant did not pay Plaintiff wages for the overtime hours he worked in excess of forty in a week.

16. Defendant's actions were willful, deliberate, intentional, and lacked good faith.

## COUNT I

## CLAIM FOR
## FAILURE TO PAY OVERTIME AND PROPER WAGES UNDER THE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201

17. Plaintiff hereby re-alleges and incorporates each of the preceding paragraphs as if fully set-forth herein.

18. Plaintiff was at all times an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "FLSA").

19. Plaintiff, having worked more than forty-hours a week, is entitled to FLSA mandated overtime compensation of time and one half his regularly hourly rate for all hours worked in excess of 40 in a week.

20. Defendant has not paid Plaintiff his full wages as mandated by the FLSA, including overtime wages.

21. Defendant's violation of the FLSA is willful.

22. Plaintiff suffered pecuniary losses and is entitled to full recovery pursuant to the FLSA, including liquidated damages and attorney's fees.

## COUNT II

### CLAIM FOR FAILURE TO PAY
### OVERTIME UNDER THE MARYLAND WAGE PAYMENT AND COLLECTION LAW, MD. CODE ANNOT. LAB. & EMPL. §3-501

23. Plaintiff hereby re-alleges and incorporates each of the preceding paragraphs as if fully set-forth herein.

24. Plaintiff, having routinely worked in excess of 40 hours in a week is entitled to proper pay pursuant to the Maryland Wage Payment and Collection Law, Md. Code Annot., Labor & Employment, §3-501 (the "MWPCL").

25. Defendants has not paid Plaintiff his full wages as mandated by MWPCL, including overtime wages.

26. Defendant's violation of the MWPCL is not based on a bona fide dispute.

27. Defendant's violation of the Maryland Wage Payment and Collection Law is willful.

28. Plaintiff Baker suffered pecuniary losses and is entitled to full recovery pursuant to the MWPCL, including treble damages and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court render judgment in his favor on all counts and to grant the following relief as to Plaintiff:

1. Issue a declaratory judgment that Plaintiff Baker is entitled to additional compensation pursuant to the FLSA and MWPCL for all hours worked by Plaintiff for Defendant in excess of forty in a week.

2. Award Plaintiff the cost of these proceedings, pre-and post-judgment interest and reasonable attorney's fees as mandated by the FLSA and MWPCL, and allowed by law and equity; and

3. Grant any further relief as this Court may deem just and proper in the interest of justice.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

_____
Justin M. Womack, Esq.
Snider & Associates, LLC
600 Reisterstown Rd., 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061

CPF No.: 1606210292

Attorney for Plaintiff