**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

**DEAN BAKER**
809 E 34th Street
Baltimore, MD 21218

    *Plaintiff*

V.

**A.J. Frazier, Inc.**
<u>*Serve:*</u>  Joseph Frazier (President)
       2237 Savoy Ave
       Akron, OH 44305-2150

<u>*Serve:*</u> Joseph Frazier (President)
       7071 Fenwick Ave, NE.
       Canton, OH 44721-3828

<u>*Serve:*</u>  Resident Agent
       Maryland Agent Service, Inc.
       8007 Baileys Lane
       Pasadena, MD 21122

<u>*Serve:*</u>  Ohio Statutory Agent
       Terri Brunsdon
       2251 Front Street, Suite 206
       Cuyahoga Falls, OH 44221
and

**A. J. FRAZIER FREIGHT INC.**
<u>*Serve:*</u>  6877 Chillingsworth Cir NW
       Canton Oh 44718

<u>*Serve:*</u>  Ohio Statutory Agent
       Terri Brunsdon
       2251 Front Street, Suite 206
       Cuyahoga Falls, OH 44221

and

**Case No.: 1:20-01941-GLR**

1

**FRAZIER FREIGHT LLC**
*Serve:*  6877 Chillingsworth Cir NW
       Canton Oh 44718

*Serve:*  Ohio Statutory Agent
       Terri Brunsdon
       2251 Front Street, Suite 206
       Cuyahoga Falls, OH 44221

**AJ FRAZIER SOLUTIONS, INC.**
*Serve:*  Joseph Frazier, Sole Shareholder
       6877 Chillingsworth Cir NW
       Canton Oh 44718

*Serve:*  Ohio Statutory Agent
       Terri Brunsdon
       2251 Front Street, Suite 206
       Cuyahoga Falls, OH 44221

and

**A.J. FRAZIER FLEET INC.**
*Serve:*  6877 Chillingsworth Cir NW
       Canton Oh 44718

*Serve:*  Ohio Statutory Agent
       Terri Brunsdon
       2251 Front Street, Suite 206
       Cuyahoga Falls, OH 44221

**Lowe's Home Centers, LLC**
*Serve:*  1605 Curtis Bridge Road
       Wilksboro, NC 28697

       **Resident Agent**
*Serve:*  CSC-Lawyers Incorporating Service Company
       7 St. Paul Street
       Suite 820
       Baltimore MD 21202
and

**XPO Last Mile, Inc. d/b/a XPO Logistics**
*Serve:*  Suite 100
       1851 w. Oak Parkwayy,
       Marietta GA, 30062

2

<u>Resident Agent</u>
*Serve:*  Registered Agent Solutions, Inc.
        8007 Baileys Lane
        Pasadena, MD 21122
and

**Joseph Frazier**
in his individual and official capacity.

      *Defendants*

## AMENDED COMPLAINT

Mr. Dean Baker, by and through his undersigned attorneys from the Law Offices of Snider & Associates, LLC, hereby files suit against Defendants and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Md. Code Ann., Cts and Jud. Proc. § 1-501.

2.  Venue is proper in Baltimore City under Md. Code Ann., Cts and Jud. Proc. § 6-201 because the Defendants carry out business in Baltimore City.

## THE PARTIES

3. From September 2016 to August 2019, Plaintiff Dean Baker ("Plaintiff Baker" or "Mr. Baker"), was an employee of Defendant A.J. Frazier, Inc. and has resided in the state of Maryland at 809 E 34th Street, Baltimore, MD 21218. Plaintiff Baker worked for the Defendant A.J. Frazier Inc. as a Delivery Driver in and around Baltimore Metropolitan area

4. Defendant, AJ Frazier, Inc. is a subcontractor and carrier for XPO Logistics that handles deliveries for Lowe's Home Centers, LLC in the Virginia, West Virginia, Delaware, and Maryland areas. AJ Frazier's principal office is located at 2237 Savoy Ave

3

Akron, OH 44305-2150. AJ Frazier, Inc. has been qualified to do business in Maryland since

August 24, 2017. Based in information and belief, A.J. Frazier has been known by a variety

of other corporate names, with each being included in this action.

5.   Defendant A. J. Frazier Freight Inc. based on information and belief, is a subcontractor and

carrier for XPO Logistics that handles deliveries for Lowe's Home Centers, LLC in the

Virginia, West Virginia, Delaware, and Maryland areas. AJ Frazier Freight Inc.'s principal

office is located at 6877 Chillingsworth Cir NW, Canton, OH 44718. AJ Frazier, Inc. was

qualified to do business in Maryland beginning August 29, 2018. However, this business is

not presently in good standing. Based on information and belief, this business was formerly

known as Frazier Freight LLC, and A.J. Frazier Freight LLC.

6.   Defendant AJ Frazier Solutions Inc. based on information and belief, is a subcontractor and

carrier for XPO Logistics that handles deliveries for Lowe's Home Centers, LLC in the

Virginia, West Virginia, Delaware, and Maryland areas. Based on information and belief, AJ

Frazier Solutions, Inc.'s sole shareholder is Joseph Frazier, who conducts business from 6877

Chillingsworth Cir NW, Canton, OH 44718. Furthermore, based on information and belief,

this business was formerly known as A.J. Frazier Fleet Inc.

7.   Defendant Joseph Frazier is an Ohio resident conducting business out of 6877 Chillingsworth

Cir NW, Canton, OH 44718. Upon information and belief Defendant Frazier is the sole

shareholder of the aforementioned ideations of AJ Frazier's businesses listed above, which

includes: A.J. Frazier, Inc.; A. J. Frazier Freight Inc.; Frazier Freight LLC; AJ Frazier

Solutions, Inc.; A.J. Frazier Fleet Inc.

8.   Defendant XPO Last Mile, Inc. d/b/a XPO Logistics (XPO) was previously named in this

action as XPO Logistics Drayage, LLC d/b/a XPO Logistics. XPO is a contractor that

4

handles deliveries for Lowe's Home Centers, LLC in the Virginia, West Virginia, Delaware, and Maryland areas. XPO Logistics is the principal on a contract that includes A.J. Frazier as the subcontractor. XPO Logistics' principal place of business is 1851 w. Oak Parkwayy, Suite 100, Marietta GA, 30062. XPO Logistics has been registered to do business in Maryland since January 25, 2008.

9.  Defendant Lowe's Home Centers, LLC was previously named in this action as  Lowe's Home Improvement, LLC. Lowe's Home Centers, LLC is a national supplier of home improvement products. Lowes maintains its principal place of business at 1605 Curtis Bridge Road Wilkesboro, NC 28697 and has been registered to do business in Maryland since November 15, 2013.

## **FACTUAL BACKGROUND**

10. At all times relevant to this controversy, Defendant Lowe's Home Centers has been engaged in the business of providing home improvement materials/supplies throughout Maryland.

11. In support of its home improvement supply business, Defendant Lowe's Home Centers entered into contract with Defendant XPO to deliver materials to other Lowes stores. XPO Logistics subcontracted a portion of its delivery contract to Defendant A.J. Frazier Inc.

12.  Plaintiff was hired by Defendant A.J. Frazier as a Delivery Driver on or about August 2016 approximately until August 2019. Plaintiff exclusively provided deliveries for XPO to Lowes Home Centers. Based on i nformation and belief, the substantial majority or all of A.J. Frazier's deliveries in State of Maryland come from their relationship with XPO.

13. As a requirement of his position, Plaintiff tracked his hours and deliveries in the XPO e-Tracks system. Additionally, Plaintiff was provided with a company truck to drive and was

required to work the scheduled hours provided by A.J. Frazier. Furthermore, when Defendant A.J. Frazier could not provide a truck for deliveries, Plaintiff did not work. All of Plaintiff's income for the relevant time period came from A.J. Frazier through his work on X PO deliveries.

14. For a significant time that Plaintiff was performing deliveries the truck that he was provided was branded with Lowe's Home Centers, LLC's corporate logos, images, contact information, how's my driving number, and Department of Transportation Licenses. After a significant amount of time, this information was replaced with A.J. Frazier's information. The Truck number was 17270 w hich bore a Lowes DOT number of 097235 t hat was switched to an A. J. Frazier number of 2569073. The MC number of the truck was 897505.

15. Plaintiff was provided with a polo shirt to wear, which prominently featured the statement "XPO Authorized Carrier" above the A.J. Frazier's logo.

16. Plaintiff's inventory sheets were adorned with XPO letterhead and were required to be scanned into e-Tracks systems with a customer signature and delivery location information after a delivery.

17. Customers of Lowe's Home Centers, LLC  that were scheduling deliveries of merchandise were required to schedule delivery of materials via XPO Customer Service Representatives (CSRs) that maintained information in the XPO e-Tracks system. Based on information and belief, Lowe's Home Centers, LLC maintained no control of the initial scheduling process.

18. Plaintiff received his schedule of deliveries for each day through the XPO e-Tracks system, which was solely updated by Defendant XPO. The XPO e-Tracks system also determined the order of deliveries that Plaintiff was required to make. XPO e-Tracks also provided the GPS

routing for the Plaintiff. XPO exercised a great degree of supervision and control over how Plaintiff performed his job.

19. Defendant(s) A.J. Frazier would receive a copy of the Plaintiff's determined delivery schedule from XPO's e-Track System. Many times Plaintiff's delivery schedule that he maintained in the e-Tracks application on his phone was more up-to-date than the version that Defendant(s) A.J. Frazier was provided. As such, Defendant(s) A.J. Frazier would have to contact XPO through a support line to print a new hard copy of the schedule for their office. As such, A.J. Frazier was not in control of the routes used, drivers assigned, and order of deliveries; the actual means of performance.

20. Plaintiff was required by Defendant XPO to record signatures upon delivery. XPO also required Plaintiff to take pictures of the packages he delivered and upload them into the e-Track system. Plaintiff was also required to take pictures of all paperwork that was signed and upload this into the e-Track System.

21. Defendant Lowe's Home Centers, LLC. maintained access to the XPO e-Track system to manage outgoing deliveries. Regularly, Defendant Lowe's Home Centers's Delivery Managers would add additional deliveries to the days scheduled deliveries while Plaintiff was in the store. Plaintiff would receive One Hundred Dollar ($100) gift cards as an incentive for taking these additional deliveries.

22. Defendant XPO tracked Plaintiff's delivery percentages, completions, and on-time rates via the XPO e-Tracks system. Plaintiff never received a separate set of metrics or expectations from Defendant(s) A.J. Frazier or Lowe's Home Centers, LLC. These metrics were used as a means of evaluating Plaintiff's performance.

23. Plaintiff was managed by a Market Manager from XPO, a M arket Manager from A.J. Frazier, and a Delivery Manager from Lowe's Home Centers. In the event that the Plaintiff failed to satisfy the aforementioned metrics, then the Plaintiff would be called by a combination of these individuals to determine the reason for the failure. The Plaintiff would also receive calls from XPO CSRs on behalf of customers that were requesting updates about their deliveries. XPO's Market Managers communicated customer complaints and request for specific drivers to A.J. Frazier. A.J. Frazier based its staffing of drivers based on advice from XPO Market Managers. Plaintiff would receive text messages regarding deliveries or customer concerns from XPO Market Managers. XPO maintained customer satisfaction data in XPO e-Tracks System.

24. XPO Market Managers directed Plaintiff to redeliver items that were not delivered or that needed to be retrieved and delivered to another location.

25. Defendant A.J. Frazier maintained the ability to fire Plaintiff, reduce Plaintiff's hours, or otherwise discipline Plaintiff based on his delivery performance metrics as assessed by the A.J. Frazier Market Manager.

26. Defendant XPO was able to indirectly fire Plaintiff, reduce Plaintiff's hours, or otherwise discipline Plaintiff based on his delivery performance metrics as assessed by the XPO Market Manager. Based on i nformation and belief, another A.J. Frazier Delivery Driver was terminated because of her alleged failure to satisfy the metrics in the XPO e-Tracks System and the request of the XPO Marketing Manager to reduce her hours and ultimately have her removed from the delivery schedule. XPO management routinely called A.J. Frazier management over performance issues with drivers that they wanted terminated or disciplined.

27. Defendant Lowe's Home Centers, LLC was able to indirectly fire Plaintiff, reduce Plaintiff's hours, or otherwise discipline Plaintiff based on his customer complaints, his metrics in the XPO e-Tracks system and the impressions of the their Delivery Manager. Specifically, Plaintiff received high praise via a letter from a Lowe's Home Centers, LLC location that mentioned his exemplary performance and requested that Plaintiff be assigned to their store.

28. Plaintiff routinely worked in excess of sixty (60) hours per work week on be half of Defendant during most of his employment.

29. Plaintiff was not properly compensated for all straight time and overtime hours worked.

30. Rather, Plaintiff was provided weekly pay of $1,000.00 regardless of how many hours he worked.

31. A weekly rate of pay of $1,000.00 equals an hourly rate of $25.00 and an overtime hourly rate of pay of $37.50. As such Plaintiff was entitled to $37.50 per hour worked in excess of forty-hours in a week.

32. Defendant was aware that Plaintiff worked more than forty-hours a week in carrying out his job duties and responsibilities.

33. Plaintiff was an employee and not an independent contractor.

34. Plaintiff did not maintain other employees.

35. A.J. Frazier, XPO, and Lowes could not have performed their business without the Plaintiff making deliveries. Plaintiff would visit an average of two (2) stores per day and delivered approximately 4,000 deliveries while at A.J. Frazier.

36. A.J. Frazier, Lowes, and XPO Jointly-Employed Plaintiff.

37. Defendant did not pay Plaintiff wages for the overtime hours he worked in excess of forty hours in a week.

38. Defendant's actions were willful, deliberate, intentional, and lacked good faith.

## COUNT I

### CLAIM FOR
### FAILURE TO PAY OVERTIME AND PROPER WAGES UNDER THE
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201

39. Plaintiff hereby re-alleges and incorporates each of the preceding paragraphs as if fully set-forth herein.

40. Plaintiff was at all times an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "FLSA").

41. Plaintiff, having worked more than forty-hours a week, is entitled to FLSA mandated overtime compensation of time and one half his regularly hourly rate for all hours worked in excess of 40 in a week.

42. Defendant has not paid Plaintiff his full wages as mandated by the FLSA, including overtime wages.

43. Defendant's violation of the FLSA is willful.

44. Plaintiff suffered pecuniary losses and is entitled to full recovery pursuant to the FLSA, including liquidated damages and attorney's fees.

## COUNT II

### CLAIM FOR FAILURE TO PAY
### OVERTIME UNDER THE MARYLAND WAGE PAYMENT AND COLLECTION LAW,
### MD. CODE ANNOT. LAB. & EMPL. §3-501

45. Plaintiff hereby re-alleges and incorporates each of the preceding paragraphs as if fully set-forth herein.

46. Plaintiff, having routinely worked in excess of 40 hours in a week is entitled to proper pay pursuant to the Maryland Wage Payment and Collection Law, Md. Code Annot., Labor & Employment, §3-501 (the "MWPCL").

47. Defendants has not paid Plaintiff his full wages as mandated by MWPCL, including overtime wages.

48. Defendant's violation of the MWPCL is not based on a bona fide dispute.

49. Defendant's violation of the Maryland Wage Payment and Collection Law is willful.

50. Plaintiff Baker suffered pecuniary losses and is entitled to full recovery pursuant to the MWPCL, including treble damages and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court render judgment in his favor on all counts and to grant the following relief as to Plaintiff:

1. Issue a declaratory judgment that Plaintiff Baker is entitled to additional compensation pursuant to the FLSA and MWPCL for all hours worked by Plaintiff for Defendant in excess of forty in a week.

2. Award Plaintiff the cost of these proceedings, pre-and post-judgment interest and reasonable attorney's fees as mandated by the FLSA and MWPCL, and allowed by law and equity; and

3. Grant any further relief as this Court may deem just and proper in the interest of justice.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial.

_____
Justin M. Womack, Esq. (Bar No. 20588)
Snider & Associates, LLC
600 Reisterstown Rd., 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
jwoamck@sniderlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of July 2020, a copy of Plaintiff's Amended

Complaint was served via this Court's electronic filing system upon:

**The Court**
George Levi Russell, III
United States District Judge

**Defendants**
Donald E. English, Jr.
Jackson Lewis P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
Donald.English@jacksonlewis.com
Liane.Kozik@jacksonlewis.com
*Counsel for Defendant XPO Logistics Drayage, LLC*

Stephen J. Nolan
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21204
snolan@sgs-law.com
*Attorney for Defendants, Frazier Freight, LLC, A.J. Frazier Freight, Inc.,*
*A.J. Frazier Fleet, Inc., and A.J. Frazier Solutions, Inc.*

Patrick Curran
Neal Fisher
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
patcurran@dwt.com
nealfisher@dwt.com
*Attorneys for Defendant, Lowe's Home Improvement, LLC*

Jay R. Fries
FordHarrison LLP
502 Washington Avenue, Suite 400
Towson, MD 21204
jfries@fordharrison.com
*Attorney for Defendants, A.J. Frazier, Inc. and Joseph Frazier*

_____
Justin M. Womack, Esq. (Bar No. 20588)

14